## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FONBUENA LAW FIRM, PLLC d/b/a ACCIDENT ATTORNEYS OF AMERICA,<br><br>Defendant. | Case No. 4:23-cv-00438-MWB<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendant Fonbuena Law Firm, PLLC d/b/a Accident Attorneys of America ("Defendant"), for its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint ("Complaint"), states as follows:

## **INTRODUCTION**[1]

1.      The allegations of Paragraph 1 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant states that *Barr v. American Association of Political Consultants*, 140 S. Ct. 2335, 2343 (2020), speaks for itself and Defendant denies any allegations inconsistent therewith.

---

[1]      For the Court's convenience, Defendant uses the same headings as those used by Plaintiff in the Complaint.  By doing so, Defendant does not admit or agree with any characterizations therein.

2.     Defendant admits that Plaintiff alleges that Defendant made pre-recorded telemarketing calls to individuals without their prior express written consent.   Except as expressly admitted, Defendant denies the allegations in Paragraph 2 of the Complaint and expressly denies violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

3.     Defendant admits that Plaintiff purports to bring this action on behalf of a proposed nationwide class of other persons who received similar calls.   Except as expressly admitted, Defendant denies the allegations in Paragraph 3 of the Complaint and expressly denies violating the TCPA and denies that a class could be certified.

4.     Defendant denies the allegations in Paragraph 4 of the Complaint and expressly denies violating the TCPA and denies that a class could be certified.

## PARTIES

5.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies them.

6.     Defendant admits that it is a Nevada entity.   Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.     The allegations of Paragraph 7 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required,

Defendant admits the allegations in Paragraph 7 of the Complaint.

8.    The allegations of Paragraph 8 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 8 of the Complaint.  Defendant specifically denies that its contacts with this forum are sufficient to subject it to personal jurisdiction in this Court or in Pennsylvania.

9.    The allegations of Paragraph 9 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies them.

## TCPA BACKGROUND

10.    The allegations of Paragraph 10 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant states that the TCPA speaks for itself and Defendant denies any allegations inconsistent therewith.

11.    The allegations of Paragraph 11 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant states that the TCPA speaks for itself and Defendant denies any allegations inconsistent therewith.

12.    The allegations of Paragraph 12 of the Complaint contain legal

conclusions to which no response is required.  To the extent a response is required, Defendant states that the TCPA speaks for itself and Defendant denies any allegations inconsistent therewith.

13.    The allegations of Paragraph 13 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant states that the referenced rulings by the Federal Communication Commission ("FCC") speak for themselves and Defendant denies any allegations inconsistent therewith.

14.    The allegations of Paragraph 14 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant states that *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 ¶ 165 (2003), speaks for itself and Defendant denies any allegations inconsistent therewith.

15.    The allegations of Paragraph 15 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant states that *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd 1830, 1844 (2012), speaks for itself and Defendant denies any allegations inconsistent therewith.

## FACTUAL ALLEGATIONS

16.    The allegations of Paragraph 16 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant admits the allegations in Paragraph 16 of the Complaint.

17.    Defendant admits the allegations in Paragraph 17 of the Complaint.

18.    Defendant denies the allegations in Paragraph 18 of the Complaint.

19.    Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 19 of the Complaint and therefore denies them.

20.    Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 20 of the Complaint and therefore denies them.

21.    Defendant denies the allegations of Paragraph 21 of the Complaint.

22.    Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 22 of the Complaint and therefore denies them.

23.    Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies them.

24.    Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies them.

25.    Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 25 of the Complaint and therefore denies them.

26.    Defendant lacks sufficient knowledge to admit or deny the allegations

in Paragraph 26 of the Complaint and therefore denies them.

## CLASS ACTION ALLEGATIONS

27.     Defendant admits that Plaintiff purports to bring this action on behalf of himself and all other similarly situated persons in a putative class as described in Paragraph 28 of the Complaint.  Except as expressly admitted, Defendant denies the allegations in Paragraph 27 of the Complaint and specifically denies that any class could be certified in this matter.

28.     Defendant admits that Plaintiff proposes in a putative class as described in Paragraph 28 of the Complaint.  Except as expressly admitted, Defendant denies the allegations in Paragraph 28 of the Complaint and specifically denies that any class could be certified in this matter.

29.     Defendant denies the allegations of Paragraph 29 of the Complaint.

30.     Defendant admits that Plaintiff purports to exclude from the class defined in Paragraph 28 of the Complaint certain individuals enumerated in Paragraph 30 of the Complaint.  Defendant denies all remaining allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations of Paragraph 31 of the Complaint.

32.     Defendant admits that Plaintiff purports to see injunctive relief and money damages.  Except as expressly admitted, Defendant denies the allegations in Paragraph 32 of the Complaint and expressly denies that Plaintiff and the putative

class are entitled to any relief against Defendant whatsoever.

33.   Defendant denies the allegations of Paragraph 33 of the Complaint.

34.   Defendant admits that Plaintiff purports to not know the number of putative class members and to believe they number in the hundreds.  Except as expressly admitted, Defendant denies the allegations in Paragraph 34 of the Complaint.

35.   Defendant denies the allegations of Paragraph 35 of the Complaint.

36.   Defendant denies the allegations of Paragraph 36 of the Complaint.

37.   Defendant denies the allegations of Paragraph 37 of the Complaint.

38.   Defendant denies the allegations of Paragraph 38 of the Complaint, including those in subparagraphs (a) through (d).

39.   Defendant denies the allegations of Paragraph 39 of the Complaint.

40.   Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 40 of the Complaint and therefore denies them.

41.   Defendant denies the allegations of Paragraph 41 of the Complaint.

42.   Defendant denies the allegations of Paragraph 42 of the Complaint.

43.   Defendant admits that Plaintiff purports to not be aware of any previously commenced litigation encompassing the putative class described in Paragraph 43 of the Complaint.  Except as expressly admitted, Defendant denies all remaining allegations in Paragraph 43 of the Complaint and specifically denies that

any class could be certified in this matter.

**FIRST CAUSE OF ACTION**
**Alleged Violation of the TCPA**
**(47 U.S.C. § 227(b)) on behalf of the Robocall Class**

44.     Defendant incorporates its responses to the allegations in Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.     Defendant denies the allegations of Paragraph 45 of the Complaint.

46.     Defendant denies the allegations of Paragraph 46 of the Complaint and expressly denies Plaintiff and the putative class are entitled to any relief against Defendant whatsoever.

47.     Defendant denies the allegations of Paragraph 47 of the Complaint and expressly denies Plaintiff and the putative class are entitled to any relief against Defendant whatsoever.

48.     Defendant denies the allegations of Paragraph 48 of the Complaint and expressly denies Plaintiff and the putative class are entitled to any relief against Defendant whatsoever.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief requested in his PRAYER FOR RELIEF section, including the relief requested in Paragraphs A. through D.

## JURY DEMAND

Defendant denies that any of the allegations set forth in the Complaint allege triable issues against Defendant.

## GENERAL DENIAL

Defendant denies any and all other allegations in the Complaint that are not specifically admitted herein.

## DEFENSES

Defendant asserts the following defenses without assuming the burden of proof as to such defenses that would otherwise rest with Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

Plaintiff's claims fail because this Court lacks personal jurisdiction over Defendant. Defendant is not subject to the general personal jurisdiction of this court because it is not "at home" in Pennsylvania.  Nor is it subject to specific personal jurisdiction because Defendant did not purposefully avail itself of this forum.  Any alleged calls at issue were placed by a third party for which Defendant is not vicariously (or otherwise) liable.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against

Defendant. For example, Plaintiff failed to show that the calls allegedly received were those for "which the called party is charged" as required by the TCPA.

## THIRD AFFIRMATIVE DEFENSE

### (Arbitration and Class Waiver)

Plaintiff and the putative class members are barred from asserting claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class) basis, depriving this Court of jurisdiction over such claims, and rendering venue in this Court improper.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff and the putative class members are barred from asserting their claims to the extent the calls at issue were made with the recipients' prior express permission and/or consent.

## FIFTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel, Waiver, and Unclean Hands)

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands.  For example, Plaintiff and the putative class members cannot assert claims under the TCPA against Defendant to the extent they voluntarily provided telephone numbers.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

To the extent Plaintiff alleges TCPA violations that fall outside the applicable statutes of limitations, Plaintiff's claims are barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

## NINTH AFFIRMATIVE DEFENSE

### (No Knowing or Willful Misconduct)

Any claim for treble or punitive damages is barred because Defendant did not engage in knowing or willful misconduct.

## TENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties

11

(such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called) proximately caused any damages, injuries, or violations at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant, pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), because any harm allegedly caused by the calls at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it had consent to call the number at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Complaint and cannot be held

liable for it.  For example, to the extent vendors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct alleged in the Complaint, those vendors acted outside the scope or in violation of the parties' agreements and Defendant did not approve of that conduct.  As such, Defendant cannot be held vicariously liable.  And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to those third parties or Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution.  For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

The application of the TCPA upon which the Complaint is based, including

the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render it unconstitutionally vague so that it fails to give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *Grayned v. City of Rockford*, 408 U.S. 104. 108 (1972). Additionally, the statutory penalties sought by Plaintiff are so excessive that they violate substantive due process.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No "Call")

Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Authorization to Make Calls)

None of the subject calls were made by Defendant, nor authorized to be made on its behalf.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No "Pre-recorded" or "Artificial" Voice)

Plaintiff's claim and putative class claims are barred to the extent that a "pre-recorded voice" or "artificial voice," as defined by the TCPA, did not play, or wholly play, including without the assistance of a live agent in an interactive fashion, on the

alleged calls.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Charge)

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (*Bona Fide* Error)

All claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error.

15

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claim is barred to the extent it is based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant gives notice that, in the event that this Court certifies a class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Immediate Threat of Future Injury)

Plaintiff's request for injunctive relief is barred with respect to any alleged TCPA claims as the alleged violations are not likely to recur.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses

as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

WHEREFORE Defendant Fonbuena Law Firm, PLLC d/b/a Accident Attorneys of America respectfully requests that judgment be entered as follows:

1.     That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in Defendant's favor;

2.     For dismissal of the Complaint with prejudice and on the merits;

3.     For an award of costs and attorneys' fees to Defendant; and

4.     For such other and further relief as this Court deems just and proper.

Respectfully submitted May 11, 2023.

*/s/ Matthew A. Lipman*
Matthew A. Lipman, Esq. (PA ID 86892)
**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1617 JFK Boulevard, Suite 1500
Philadelphia, Pennsylvania 19103-1815
Tel: (215) 557-2900
Fax: (215) 557-2990
mlipman@mdmc-law.com

Ryan D. Watstein (*pro hac vice petition filed*)
ryan@wtlaw.com
Abigail L. Howd (*pro hac vice petition filed*)
ahowd@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
T: (404) 782-0695

*Counsel for Defendant*

17

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 11, 2023, he caused to be served a true and correct copy of the foregoing on all counsel of record via the Court's electronic filing system.

*/s/ Matthew A. Lipman*
Matthew A. Lipman, Esq. (PA ID 86892)
